DEMETRIOS PAPADAKOS,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:16-cv-00963 (JAM)

## ORDER DENYING MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

Demetrios Papadakos has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. He alleges that he did not receive constitutionally effective assistance of counsel in connection with his plea of guilty to a narcotics conspiracy charge. I will deny the motion for substantially the reasons stated by the Government in its response.

### BACKGROUND

On June 23, 2014, Papadakos entered a plea of guilty before me to a charge of conspiracy to distribute and to possess with intent to distribute controlled substances including at least 500 grams of cocaine. *See* Doc. #934 (plea agreement) to *United States v. Papadakos*, 3:12-cr-117-JAM-1 (D. Conn.). The guilty plea occurred on the day of jury selection, more than two years after Papadakos was indicted on May 23, 2012. Doc. #7 to *ibid.*

The parties agreed in the plea agreement to a sentencing guideline range of not less than 121-151 months of imprisonment. Doc. #934 at 5 to *ibid*. The parties further agreed that the amount of cocaine involved in the conspiracy offense was at least 1,385 grams of cocaine and and at least 204 grams of oxycodone. Doc. #934 at 10 to *ibid*.

At the guilty plea hearing, I questioned Papadakos at length to ensure that he understood the terms of the plea agreement, including the parties' agreement concerning the sentencing guidelines and the amount of controlled substances involved in the offense. Doc. #1148. The plea transcript reflects that Papadakos was advised that his sentencing guideline calculation would include a two-point reduction for acceptance of responsibility but would not include an additional third-point reduction for acceptance of responsibility in light of Papadakos's decision to wait until the day of jury selection to enter a plea of guilty. Doc. #1148 at 14-15, 18 to *id.*; *see also* U.S.S.G. § 3E1.1(b) (providing for standard two-point reduction for acceptance of responsibility and allowing for government to make a motion for an additional one-point reduction if defendant "timely notif[es] authorities of his intention to enter a plea of guilty").

On December 18, 2014, Judge Eginton imposed a sentence principally including 121 months imprisonment. Doc. #1130 to *id.*. Papadakos appealed but then withdrew his appeal. Doc. #1223 to *id.* On June 20, 2016, Papadakos filed the instant motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Doc. #1.[1]

## DISCUSSION

A prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if his "sentence was imposed in violation of the Constitution or laws of the United States or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was

---

[1] On March 3, 2017, I granted Papadakos's motion to stay consideration of his § 2255 motion pending the outcome of appeals before the Second Circuit of his co-defendants. Doc. #8. These appeals were relevant to Papadakos's § 2255 motion, because he claimed in part that his counsel was ineffective for failing to preserve his rights to join in the appeals of his co-defendants challenging denial of a suppression motion. Doc. #2 at 3-4. The Second Circuit subsequently rejected his co-defendants' appeal. See *United States v. Papadakos*, 729 F. App'x 41 (2d Cir.), *cert. denied sub nom. Zografidis v. United States*, 139 S. Ct. 166 (2018). On May 31, 2018, I lifted the stay in light of the Second Circuit's ruling, Doc. #9, and I granted leave to the parties to file any supplemental memoranda, Doc. #11. The Government filed briefing, Doc. #15, but Papadakos did not. In light of the Second Circuit's adverse determination of his co-defendants' appeals, there is no merit to Papadakos's argument that his counsel was ineffective for not preserving his right to a conditional appeal to join in the arguments of his co-defendants.

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden of proving, by a preponderance of the evidence, that he is entitled to relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687–88.

A similar "two-part . . . test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The prejudice prong in this context "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. In other words, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Kovacs v. United States*, 744 F.3d 44, 51-52 (2d Cir. 2014) (discussing various ways that prejudice may be shown in guilty plea context).

Papadakos argues that his counsel was constitutionally ineffective because he failed to advocate for an additional one-point reduction for acceptance of responsibility. Doc. #2 at 3-5. I do not agree. The record is clear that Papadakos waited until the very morning of jury selection to enter his plea of guilty. In light of this timing, the Government quite understandably declined to move for an additional one-point reduction pursuant to USSG § 3E1.1(b). All this was explained to Papadakos at his guilty plea hearing, and Papadakos has failed to show that his counsel was deficient or that any possible deficiency caused any prejudice.

Papadakos next argues that his counsel was constitutionally ineffective because he failed to respond to the Government's embellished description of drug quantities during the course of his sentencing hearing. Doc. #2 at 7-8. I do not agree. Because Papadakos was sentenced at the bottom of the Sentencing Guideline range that corresponded to the drug quantity to which he expressly agreed in the plea agreement, he cannot show any possible prejudice from any deficiency of his counsel with respect to responding to the Government's descriptions of drug quantity. Papadakos has not shown that any embellished description of drug quantities had any effect on the sentence imposed.

## CONCLUSION

For the foregoing reasons, the motion for post-conviction relief pursuant to 28 U.S.C. § 2255 is DENIED. Because Papadakos has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the United States and to close this case.

It is so ordered.

Dated at New Haven this 1st day of July 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge